■ BENJAMIN GERBINO, Appellant, v ALAN A. HILLEL, Doing Business as ALAN'S AUTOS, Respondent. [692 NYS2d 443] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated September 15, 1998, which denied his motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The complaint seeks to impose liability on the defendant Alan A. Hillel d/b/a Alan's Autos (hereinafter Hillel) on the theory that Hillel was negligent in the operation of a vehicle which collided with a vehicle operated by the plaintiff on August 4, 1997. The complaint alleges that the plaintiff's

injuries were "caused and occasioned solely through and by reason of the negligence of the defendant in the ownership, operation and control of his motor vehicle". There is no mention in the complaint that a third vehicle was involved in the accident.

The plaintiff moved for partial summary judgment on the issue of liability on the ground that Hillel's vehicle struck the plaintiff's vehicle in the rear, establishing a presumption of negligence that Hillel could not rebut (*see, e.g., Zakutny v Gomez,* 258 AD2d 521; *Inzano v Brucculeri,* 257 AD2d 605; *Escobar v Rodriguez,* 243 AD2d 676). Hillel submitted an affidavit in which he claimed that his vehicle had in fact been struck in the rear by a third vehicle, and that this initial impact propelled his vehicle into that of the plaintiff. The affidavit tends to establish that Hillel could have avoided the accident but for the negligence of the driver of the third car, raising a clear issue of fact requiring a trial. While the parties appear to concede that the third vehicle in question also happened to be owned by Hillel, the fact remains that the complaint as it stands does not allow for imposition of vicarious liability on Hillel based on the alleged negligence of the driver of this third vehicle. Bracken, J. P., O'Brien, Krausman and McGinity, JJ., concur.